Gilbert *v.* Whidden.

---

TIMOTHY GILBERT & *al. versus* RENDOL WHIDDEN.

When suits are brought by partners, their partnership may be proved by persons who have done business with them as partners.

And if it be shown that they were acting as partners before and after the time of the date of a note, thus made to them, this is proper evidence to be left to the jury, to establish the fact that they were so at that time

If in transacting business, they spoke of each other as partners in connexion with the business, such declarations may be given in evidence in their favor, to prove their partnership.

In a suit by Timothy Gilbert and *Henry* Safford, testimony that the deponent knew *H.* Safford as the partner of Timothy Gilbert, is competent evidence to go to the jury to prove the identity.

ASSUMPSIT on a promissory note, dated Sept. 7, 1837, payable in twelve months to " T. Gilbert & Co." or order, and signed by the defendant. The suit was in the names of Timothy Gilbert and Henry Safford, as plaintiffs, transacting business in the partnership name of T. Gilbert & Co.; and to prove that the plaintiffs composed that firm, they introduced the deposition of B. Williams, taken in 1839. He stated in his deposition. " I am acquainted with the persons composing the firm of T. Gilbert & Co. I have been at their place of business every time I have been in Boston for the last four years. Timothy Gilbert and H. Safford compose the firm. I do not know the christian name of Safford, except that its initial is H. I have seen them both in the establishment doing

business. At my first visit, Mr. Gilbert introduced me to Mr. Safford, as his partner. I have done business with whichever one I found in. In July, last year, I paid them for one piano forte, and selected another, and they were both at that time transacting business in the store. I have been at Boston once a year, and I am not certain whether the last time I went was three or four years ago. I have no other knowledge that these individuals compose the firm of T. Gilbert & Co. except that Gilbert had spoken of Safford as his partner, and Safford had spoken of Gilbert as his partner, and from seeing them there and doing business with them as partners."

The defendant objected to that part of the deposition which relates to what each of the partners had told him in reference to each other, and their partnership, objection having been also made at the time the deposition was taken. EMERY J. then holding the Court, overruled the objection, and admitted the whole deposition. To this the defendant excepted.

*J. Granger,* for the defendant.

*Downes,* for the plaintiff.

The opinion of the Court was by

WESTON C. J.—When actions are brought by partners, their partnership may be proved by persons who have done business with them as partners. Gow on Part. 140; Collyer on Part. 406. The testimony of the deponent, Williams, sufficiently proved the connection of the plaintiffs as partners, aside from their declarations. These were not necessary to establish the fact as it was otherwise known to the deponent, who had been in the habit of doing business with them. And if he found them acting as partners before and *after* the date of the note, it was proper evidence to be left to the jury, that they were such at that time.

But their declarations were admissible as acts. The introduction of the deponent, by one of the plaintiffs, to the other, as his partner, was an act, leading as it did to buisness with each of them, as having a right to act for and represent the firm. So if in transacting business, they spoke of each other

as partners, this was, in connection with the business, evidence that they stood in that relation. It was no otherwise creating evidence for themselves, than is done by other acts, indicating the connection. If they had entered into partnership by deed, that would be creating evidence, made expressly for that purpose, and yet it is admissible to prove the fact.

The deponent knew that H. Safford was the partner of Timothy Gilbert. Henry Safford sues, claiming to be the same person. We are of opinion, that it was competent testimony to go to the jury, to prove the indentity.

*Judgment on the verdict.*